IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAREN NAYLOR, Trustee of the Randall J. Jenks
and Lynis T. Jenks Bankruptcy Estate, United
States Bankruptcy Court, Central District of
California, case No. 04-16958,

CV-08-1255-ST

Plaintiff,

FINDINGS AND
RECOMMENDATIONS

v.

PATRICIA HEATHERMAN, an Oregon resident,

_____Defendant._____

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Karen Naylor ("Naylor"), is the court-appointed, authorized and acting trustee

of the bankruptcy estate of Randall J. Jenks and Lynis T. Jenks ("Jenks").  Naylor Aff., ¶ 1.

Defendant, Patricia Heatherman ("Heatherman"), is an Oregon attorney who represented the

Jenks in connection with the sale of their business.  On October 24, 2008, Naylor sued

Heatherman in the Multnomah County Circuit Court alleging that Heatherman committed legal

negligence and breached her fiduciary duties to the Jenks in the course of her representation. *Karen Naylor, Trustee of the Randall J. Jenks and Lynis T. Jenks Bankruptcy Estate, v. Patricia Heatherman*, Civil No. 0810-14592.  Heatherman removed the case to this court pursuant to 28 USC §§ 1441(b) and 1452.  Heatherman now seeks an intra-district transfer (docket #3) and Naylor moves for remand back to state court (docket #6).  For the reasons that follow, Naylor's motion to remand should be granted, and Heatherman's motion to transfer should be denied as moot.

## BACKGROUND

Heatherman represented the Jenks in 2001 in connection with the sale of their business, Central Oregon Home Health Agency, LLC ("Home Health"), to their non-profit entity, Central Oregon Hospice ("Hospice"), that cared for patients of Home Health during their dying days. Complaint, ¶¶ 3-10.  Heatherman simultaneously represented the Jenks, Home Health, and Hospice during the sales transaction.  *Id*, ¶ 10.  In May 2003, the Jenks sued Hospice to enforce the purchase agreement after Hospice stopped making payments.  *Id*, ¶¶ 15, 17.  In November 2004, the Jenks filed bankruptcy due to the substantial legal costs arising from their dispute with Hospice over the purchase agreement.  *Id*, ¶ 19.  Naylor has administered all of the assets of the Jenks' bankruptcy case.  Naylor Aff., ¶ 2.  This lawsuit is the only remaining asset Naylor is pursuing.  *Id*.

Naylor asserts claims against Heatherman for common law negligence and breach of fiduciary duty.  In general terms, the negligence claim alleges that Heatherman failed to properly advise the Jenks regarding important legal issues material to the sale and failed to exercise reasonable care and skill in her representation.  Complaint, ¶ 21.  The breach of fiduciary duty

claim alleges that Heatherman failed to disclose the ramifications of her representing all parties

in the transaction, failed to advise the Jenks of their own fiduciary duties in the sale, failed to

advise the Jenks that they needed to obtain independent legal advice, and violated her fidiciary

duties by jointly and simultaneously representing all parties to the sale. *Id*, ¶ 28. Naylor seeks

$2,385,617 in damages for all claims.

## FINDINGS

I.    **Motion to Remand**

       Naylor moves to remand this case back to state court on two grounds: (1) Heatherman's

Notice of Removal was defective, and (2) the factors of equitable remand pursuant to 28 USC

§ 1452(b) favor her.

       A.    **Notice of Remand**

       Naylor claims Heatherman's Notice of Removal fails to comply with FRBP 9027(a)(1)

which provides as follows:

> A notice of removal shall be filed with the clerk for the district and
> division within which is located the state or federal court where the civil
> action is pending. The notice shall be signed pursuant to Rule 9011 and
> contain a short and plain statement of the facts which entitle the party
> filing the notice to remove, contain a statement that upon removal of the
> claim or cause of action the proceeding is core or non-core and, if
> non-core, that the party filing the notice does or does not consent to entry
> of final orders or judgment by the bankruptcy judge, and be accompanied
> by a copy of all process and pleadings.

       According to Naylor, Heatherman's notice is defective because it does not include "a

short and plain statement of the facts which entitle" her to remove the case and fails to indicate

whether she consents to the entry of final orders or judgment by the bankruptcy judge.

Heatherman responds that 28 USC §§ 1441 and 1452 govern removal of this case, not

FRBP 9027.   Actions in which the district court has original jurisdiction are removable under 28

USC § 1441.   Pursuant to 28 USC § 1452(a), "[a] party may remove any claim or cause of action

in a civil action . . . if such district court has jurisdiction of such claim or cause of action under

section 1334 of this title."   Section 1334(b) establishes "original but not exclusive jurisdiction"

in the district courts over "all civil proceedings arising under title 11, or arising in or related to

cases under title 11."   A claim or cause of action is "related to" a case under Title 11 when "the

outcome of the proceeding could conceivably have any effect on the estate being administered in

bankruptcy." *Fietz v. Great W. Sav.* (*In re Fietz*), 852 F2d 455, 457 (9th Cir 1988), quoting

*Pacor, Inc. v. Higgins*, 743 F2d 984, 994 (3rd Cir 1984).

As an initial matter, Heatherman incorrectly asserts that FRBP 9027 does not apply to her

claim.  *See In re Blaylock*, 394 BR 359, 365 (Bankr ED Pa 2008) (noting that "[t]he procedure

for removal under § 1452(a) is governed by [FRBP] 9027(a)"); *In re Boyer*, 108 BR 19, 24

(Bankr NDNY 1988) (holding "the removal of claims or causes of action related to bankruptcy

cases is now governed substantively by 28 [USC] § 1452(a) and procedurally by [FRBP]

9027").[1]  In *Reiland v. Tipaz, Inc.*, 1996 WL 539713, *1-2 (ND Cal Sept. 19, 1996), the court

granted plaintiff's motion for remand because the defendant's notice of removal did not comply

with FRBP 9027.   Heatherman cites no contrary authority.

This point is academic, however, since Heatherman has amended her Notice of Removal

to address the concerns outlined by Naylor.  The Amended Notice of Removal (docket #7) states

---

[1]  Although, to the extent that there is a conflict between FRBP rules and the statutes governing removal, the statutes control.  *See In re Asbestos Litig.*, 2002 WL 649400, *3 (D Or Feb 1, 2002).

that Heatherman would consent to entry of final orders or judgment by the bankruptcy judge and alleges that "the Plaintiff concedes this action is 'related to' the Jenks' Bankruptcy Case," that "causes of action owned by a debtor which become property of an estate pursuant to 11 USC § 541 are 'related to' proceedings," and that "this action is the only matter pending in the Jenks' Bankruptcy Case and its outcome will effect the administration of the bankruptcy estate." *Id*, ¶¶ 7-8. Thus, the Amended Notice of Removal complies in all material respects with FRBP 9027(a)(1).

Furthermore, Naylor admits that this court has "related to" jurisdiction over the underlying claim. The failure of the defendant in *Reiland* to demonstrate that the civil action involved was related to the bankruptcy proceedings was one of reasons to remand that case. *Reiland*, 1996 WL 539713, *1. This is more than just a matter of technical accuracy. Rather, whether a civil proceeding is "related to" a case brought under Title 11 is essential to this court's subject matter jurisdiction. *See In re Fietz*, 852 F2d at 459 (affirming district court's dismissal of cross-claim that was not "related to" case under Title 11 for lack of subject matter jurisdiction).

Naylor seeks over $2 million in damages in a lawsuit that is both an asset of the Jenks' bankruptcy estate and the only matter pending in the bankruptcy case. The recovery of this sum of money would have more than just a conceivable effect on the Jenks' bankruptcy case. *See Mosier v. Callister, Nebeker, & McCullough*, 2007 WL 951549, *2 (D Utah March 26, 2007) (holding that the district court had "related to" jurisdiction over legal malpractice claim where "the amount Plaintiff seeks to recover - $22 million - would clearly have an effect on the bankruptcy estate") (applying *Pacor* test). This case is properly before the court.

5 - FINDINGS AND RECOMMENDATIONS

///

**B.    Equitable Remand**

Naylor also asks the court to remand this case to state court on equitable grounds.  Cases

removed pursuant to 28 USC § 1452(a) may be remanded "on any equitable ground."  28 USC

§ 1452(b).  The "any equitable ground" standard is "'an unusually broad grant of authority'

which 'subsumes and reaches beyond all of the reasons for remand under nonbankruptcy

removal statutes.'"  *Christie v. Chong*, 2002 WL 598428, *4 (ND Cal April 10, 2002), quoting

*McCarthy v. Prince (In re McCarthy)*, 230 BR 414, 417 (BAP 9th Cir 1999).  Courts considering

motions for remand under this standard have developed an extensive list of factors to aid in the

analysis.  *See id* (7 factors), citing *Williams v. Shell Oil Co.,* 169 BR 684, 692-93 (SD Cal 1994);

*In re Roman Catholic Archbishop of Portland*, 338 BR 414, 420-21 (Bankr D Or 2006) (14

factors), quoting *In re Enron Corp.*, 296 BR 505, 508 n2 (CD Cal 2003).  The parties both rely

on the following 14 factors utilized by *In re Roman Catholic Archbishop of Portland*:

> (1) the effect or lack thereof on the efficient administration of the estate if
> the Court recommends [remand or] abstention; (2) extent to which state
> law issues predominate over bankruptcy issues; (3) difficult or unsettled
> nature of applicable law; (4) presence of related proceeding commenced in
> state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if
> any, other than § 1334; (6) degree of relatedness or remoteness of
> proceeding to main bankruptcy case; (7) the substance rather than the form
> of an asserted core proceeding; (8) the feasibility of severing state law
> claims from core bankruptcy matters to allow judgments to be entered in
> state court with enforcement left to the bankruptcy court; (9) the burden
> on the bankruptcy court's docket; (10) the likelihood that the
> commencement of the proceeding in bankruptcy court involves forum
> shopping by one of the parties; (11) the existence of a right to a jury trial;
> (12) the presence in the proceeding of nondebtor parties; (13) comity; and
> (14) the possibility of prejudice to other parties in the action.

338 BR at 420-21, quoting *In re Enron*, 296 BR at 508 n2 (alteration in original).

In this case, most of these factors do not apply or are neutral.  There is no evidence that a remand will negatively effect the efficient administration of the estate or that this court's docket would be burdened any more than the state court's docket.  There are no other proceedings in state court, no other bases for jurisdiction,[2] no nondebtor parties, and no other parties who could possibly be prejudiced.  This is a non-core proceeding.  *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F2d 1071, 1076 (9th Cir 1991) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding[.]"), quoting *In re Wood*, 825 F2d 90, 97 (5th Cir 1987).  Any state court judgment could be brought back to bankruptcy court for enforcement.  *See In re Cytoden of New Mexico, Inc.*, 374 BR 733, 740 (Bankr CD Cal 2007) ("There would seem to be no valid reason why a judgment obtained in state court could not be brought back to bankruptcy court for enforcement as part of the chapter 11 case.").  In addition, there is no evidence of forum shopping[3] or of an issue with comity.

Naylor has a right to a jury trial in both state and federal court.  However, the procedures differ in the two courts.  In federal court, a jury may consist of fewer than 12 jurors, but the verdict must be unanimous.  FRCP 48.  In state court, a jury consists of 12 persons, but only three-fourths must concur in a verdict.  ORCP 56A & 59G(2).  This is a relevant consideration in choosing where to bring a lawsuit and favors remand here to Naylor's initial choice of forum.  *See In re Baptist Found. of Ariz.*, 2000 WL 35575676, *9 (D Ariz June 30, 2000) (finding

---

[2] Although the parties have diversity of citizenship, Heatherman is a resident of Oregon and cannot remove a claim brought against her in Oregon state court to federal court on the basis of diversity jurisdiction.  28 USC § 1441(b).

[3] It appears that Naylor filed her state court case in the wrong venue as Heatherman is a resident of Deschutes County.  *See* ORS 14.080(1) (providing venue "in the county in which the defendants . . . reside at the commencement of the action" where other bases are absent).  Even so, improper venue in state court does not support jurisdiction in federal court, but instead supports a motion for change of venue in state court.  *See* ORS 14.110(1)(a).

7 - FINDINGS AND RECOMMENDATIONS

involuntarily-removed parties would be prejudiced, in part, due "partially because they can prevail by obtaining a verdict by seventy-five percent of the jurors [in state court], rather than a unanimous verdict.")

The remaining factors also weigh in favor of remand. The second factor concerns the predominance of state law issues. The only claims at issue involve common law tort and breach of fiduciary duty. The only "bankruptcy issue" identified by Heatherman is the two year statute of limitations in 11 USC § 108(a) that applies to a claim derivative of a debtor's claim. Naylor asserts that defense lacks merit and will be defeated by evidence of a tolling agreement with Heatherman. Under 11 USC § 108(a), the limitations period may be extended by an agreement that "fixes a period within which the debtor may commence an action." Heatherman disputes the validity of the tolling agreement because it insufficiently "fixes a period." Whether the tolling agreement sufficiently "fixes a period" is an issue of contract law, not federal law. State courts routinely interpret tolling agreements to resolve statute of limitations defenses and are fully competent to evaluate this statute of limitations defense.

The third factor is the difficult or unsettled nature of the applicable law. Heatherman asserts that determination of the underlying negligence claim will involve analysis of several highly technical federal law issues both as to liability and damages. First, the Complaint alleges that Heatherman failed to "advise Jenks concerning the private inurement regulations applicable to hospice." Complaint, ¶ 21B. This allegation refers to IRC § 501(c)(3) and Treas. Reg. § 1.501(c)(3)-1. According to Heatherman, state courts rarely apply these principles. Second, paragraph 21C alleges that Heatherman failed to "advise Jenks of the legal effects of their personal involvement in the sale." Heatherman argues that one of these "legal effects" includes

the "excess benefit rule" of IRC § 4958, which imposes an initial 25% tax and an additional

200% tax (if not corrected within the taxable period) on each "disqualified person" for the

"excess benefit" where a tax-exempt organization provides an economic benefit to the

disqualified person.  IRC § 4958(a)(1), (b).  It also imposes a 10% tax on the participation of any

organization manager involved in the excess benefit transaction, unless the manager's

participation in the transaction is "not willful and . . . due to reasonable cause."  IRC

§ 4958(a)(2).  The import of this law has never been construed in a reported Oregon case.  Third,

paragraph 21E alleges Heatherman failed "to advise Jenks of the legal obligations and

ramifications that arise when selling an entity that receives Medicare payments."  Heatherman

argues that one of these "obligations" is compliance with the Stark anti-referral law, 42 USC

§ 1395nn, and regulations, 42 CFR Ch. 411.  That law generally prohibits physician referrals to

an entity with which the physician has a financial relationship, with certain exceptions.

Sanctions for violating that prohibition include denial of payment for the service and civil

monetary penalties.  No reported Oregon case construes the Stark anti-referral law and

regulations.

Naylor responds that the claims identified by Heatherman merely allege that Heatherman

failed to exercise the standard of care for a lawyer who is advising a client of the federal law that

applies to the sale of the Jenks' type of business.  The parties will present expert testimony on

this issue, and the state court will not need to interpret matters of federal law.

Heatherman's argument is misdirected.  This case is a straight-forward attorney

malpractice case in which Heatherman's duty of care allegedly included advising the Jenks of

the effects of federal law on the transaction.  The standard of care exercised in these transactions

9 - FINDINGS AND RECOMMENDATIONS

with respect to advising on federal law is an issue which can easily be addressed through expert testimony. *See Vandermay v. Clayton*, 328 Or 646, 655, 984 P2d 272, 277 (1999) ("[I]n most charges of negligence against professional persons, expert testimony is required to establish what the reasonable practice is in the community") (internal quotes, citation omitted). The issue before the court, and the jury, will not be how the intricacies of certain federal tax regulations applied to the transaction, but what advice a reasonable, prudent attorney would have given the Jenks' about the impact of federal law on their transaction. *See In re Conduct of Worth*, 336 Or 256, 275, 82 P3d 605, 617 (2003) ("A lawyer is negligent when he fails to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation.") (internal quotes, citation omitted); *Machado-Miller v. Mersereau & Shannon, LLP*, 180 Or App 586, 589, 42 P3d 1207, 1209 (2002) ("The elements of a legal malpractice claim are: (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, i.e., a causal link between the breach of duty and the harm.") (internal quotes, citation omitted). Heatherman does not argue that the standard of care or quantum of advice a reasonable, prudent attorney would provide on these issues is a difficult or unsettled area of law. To the extent that it is difficult or confusing, the state trial court can allow expert testimony to clarify the issue for the jury. *See* ORE 702; *Vandermay*, 328 Or at 655, 984 P2d at 277 (noting "expert testimony is required if the issues are not within the knowledge of the ordinary lay juror").

The same is true of the measure of damages. Naylor seeks to recover the Jenks' lost income as a result of selling their interest in Home Health. Heatherman contends that as

controlling persons, the Jenks are barred by federal law from recovering their lost profit.

Determining what damages are recoverable may well rest on whether and what federal law

applies which, in turn, may depend on the Jenks' status under that law. Once again, however,

that is a proper issue for expert testimony, as in any case involving accounting issues, and does

not require the court to interpret an ambiguous federal law.

After an analysis of the equitable factors, this court can conceive of no substantial basis

for denying Naylor's motion. Therefore, it should be granted.

**II.    <u>Motion for Intra-district Transfer</u>**

Because this case should be remanded, Heatherman's motion for an intra-district transfer

is moot. But if this case is not remanded, the motion for transfer should be granted. At oral

argument, Naylor conceded this issue.

Heatherman moves for an intra-district transfer from the Portland Division to the Eugene

Division pursuant to 28 USC § 1406(a) and LR 3.4(c). LR 3.4(c) provides:

> If a case is filed in any division other than the one required by LR 3.4(a),
> the Court may reassign the case to the appropriate division on its own
> motion or that of any party. When such an order is entered, the clerk will
> transfer the case file to the receiving division, and the parties must then
> file all subsequent papers in the new division.

Heatherman alleges this claim arose in Deschutes County where she resides and practices

law. Pursuant to LR 3.4(a) and 3.3(c), claims arising in Deschutes County must be filed in the

Eugene Division of this district. This claim was initially filed in the Portland Division, not the

Eugene Division, because Naylor filed her lawsuit in Multnomah County Circuit Court and

FRBP 9027(a)(1) requires that the notice of removal "be filed with the clerk for the district *and*

division within which is located the state . . . court where the civil action is pending" (emphasis

added).  As Multnomah County is in the Portland Division, Heatherman had to file her Notice of

Removal with this division.  LR 3.3(a).

Because of Naylor's improper choice of venue in state court, Heartherman was forced by

FRBP 9027(a)(1) to remove this case to the wrong division within this district.  Accordingly, if

this case is not remanded, it is in the interest of justice to transfer this case to the Eugene

Division, where venue properly lies.  28 USC § 1406(a); *see Grain Millers, Inc. v. Pac. Flexpak,*

*Co.*, 2008 WL 550124, *4-5 (D Or Feb. 26, 2008).

## RECOMMENDATIONS

Defendant's motion to remand (docket #6) should be GRANTED and Plaintiff's motion

for intra-district transfer (docket #3) should be DENIED as moot.

## SCHEDULING ORDER

Objections to these Findings and Recommendations, if any, are due December 30, 2008.

If no objections are filed, then the Findings and Recommendations will be referred to a district

judge and go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendations will be referred to a district judge and go under advisement.

DATED this 12th day of December, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATIONS